IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv148

| | |
|---|---|
| EVELYN N. KEEVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 12 & # 19]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 19] and **AFFIRM** the decision of the Commissioner.

I.  Procedural History

Plaintiff filed a Title II application for disability benefits on August 21, 2007. (Transcript of Administrative Record ("T.") 19.) Plaintiff alleged that she became

disabled beginning May 1, 2007. (T. 87.) The Social Security Administration denied Plaintiff's claims, finding that she was not disabled. (T. 53-6.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 57-8.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 29-50.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 19-28.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-4.) Plaintiff then timely brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his April 17, 2009, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 28.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

(2) The claimant has not engaged in substantial gainful activity since May 1, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: status post Stage II left breast carcinoma and chronic bronchitis (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, which requires lifting no more than 20 pounds occasionally and 10 pounds frequently, as defined in 20 CFR 404.1567(b). The claimant cannot do any overhead reaching with her left arm or any repetitive use of her left arm and hand, which is her non-dominant extremity. The claimant cannot do any jobs that will expose her to excessive dust, fumes, chemicals, or temperature extremes.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on July 28, 1965 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563).

(8) The claimant has a least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in the significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2007 through the date of this decision (20 CFR 404.1520(g)).

(T.21-27.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in

federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. **The ALJ's Residual Functional Capacity Assessment is Supported by Substantial Evidence in the Record**

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Plaintiff contends that the ALJ erred in determining her residual functional capacity ("RFC"). Specifically, Plaintiff contends that the RFC has "no basis in opinion or fact" and fails to take into account the opinion of a treating nurse practitioner. Upon a review of the record in this case, the Court finds that the decision of the ALJ as to Plaintiff's RFC determination, is supported by substantial evidence in the record.

A RFC is an assessment of a claimant's ability to perform work-related activities on a regular and continuing basis. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996). In short, a RFC is the most a claimant can do despite her physical and mental limitations and restrictions. SSR 96-8p; 20 C.F.R. .§ 404.1545(a); Hines, 453 F.3d at 562. In assessing a claimant's RFC, the ALJ considers all the relevant medical and other evidence in the record and considers all of claimant's impairments - both severe and non-severe. 20 C.F.R. .§ 404.1545(a); Hines, 453 F.3d at 562-3.

Here, the ALJ determined that Plaintiff had the RFC to:

> perform light work, which requires lifting no more than 20 pounds occasionally and 10 pounds frequently, as defined in 20 CFR 404.1567(b). The claimant cannot do any overhead reaching with her left arm or any repetitive use of her left arm and hand, which is her non-dominant extremity. The claimant cannot do any jobs that will expose her to excessive dust, fumes, chemicals, or temperature extremes.

(T. 24.)

Although Plaintiff contends that the ALJ's RFC has no basis in fact or opinion, it is supported by the medical evidence in the record. Dr. N.B. Shah opined that Plaintiff could occasionally lift 50 pounds and frequently lift 25 pounds. (T. 267.) Dr. Shah also opined that Plaintiff could not engage in continuous, rapid use of her left arm, could not reach overhead with her left arm, and had additional postural and environmental imitations (T. 267-70.) Dr. A.K. Goel opined that Plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds but could not continuously reach with her left arm. (T. 336, 338.) The ALJ, however, did not adopt these opinions in whole. Instead, the ALJ gave the opinions little weight, finding that based on the medical evidence in the record, Plaintiff was subject to more restrictive limitations than either Dr. Goel or Shah opined. (T. 24-6.) Based upon a review of the medical evidence in the record, the ALJ's RFC was supported by substantial evidence in the record.[2]

In addition, the statement by Plaintiff's treating nurse practitioner, Shirley R.

---

[2] Moreover, even if the ALJ committed error in assigning little weight to these opinions, such error was harmless because the ALJ's RFC determination was more restrictive than either opinion on its own and, therefore, more favorable to Plaintiff. See generally Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988); see also Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished) (applying harmless error doctrine in context of Social Security case).

Hyatt, does not dictate a different a result. Mr. Hyatt stated in a letter on August 21, 2007, that Plaintiff "will need to remain out of work for the next three months until she completes chemotherapy. If radiation therapy is indicated, she will not be able to return to work for a minimum of six months." (T. 257.) As an initial matter, statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id. Moreover, the Commissioner only considers impairments that have lasted or are expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509; 20 C.F.R.§ 404.1522.

In contrast to Plaintiff's contention to the contrary, neither this isolated statement by a nurse practitioner that Plaintiff would not be able to work for a period of time after undergoing chemotherapy and radiation therapy nor the fact that the ALJ failed to specifically refer to this letter in his decision requires remand. After undergoing chemotherapy from July 2007 through October 2007 (T. 246, 294) and radiation therapy between December 2007 and February 2008 (T. 348, 354), Plaintiff's cancer appears to have gone into remission and no further treatment

was required. Thus, while Plaintiff's course of treatment may, as Ms. Hyatt states in her letter, have rendered her unable to work for several months, the evidence in the record does not reflect that Plaintiff was disabled for a continuous period of at least twelve months as a result of this treatment. Accordingly, the ALJ did not error by failing to specifically discuss the opinion of Ms. Hyatt that Plaintiff would not be able work for a period of six months in assessing Plaintiff's RFC.

### B. The ALJ Properly Evaluated Plaintiff's Credibility

As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that it could reasonable be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to

step two.  20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work.  20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms.   20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of the claimant's pain and symptoms; (3) factors that predicate or aggravate the claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any treatment other than medication that claimant  received to alleviate the pain or

symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any other factors concerning claimant's functional imitations and restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); see also Aytch, 686 F. Supp. 2d at 605.

The ALJ's credibility determination must constitute more than a conclusory statement that the claimant's allegations are not credible. SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996). The decision must contain specific reasons for the finding and must "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

Here, the ALJ applied this two step process in assessing Plaintiff's statements regarding her symptoms, including the pain in her left arm. The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 25.) The ALJ noted that Plaintiff's stated symptoms included pain in her left arm, as well as restricted movement of her left arm. (T. 25.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 25.) The ALJ also provided detailed and specific reasons

for why he found Plaintiff's testimony not fully credible. (T. 25-6.)

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility. The decision also contains specific reasons for the ALJ's credibility finding that are sufficiently specific to make clear to Plaintiff and this Court the weight the ALJ gave to Plaintiff's statements, as well as the reasons for that weight. See SSR 96-7p. Finally, upon a review of the evidence in record and the transcript of the hearing, the Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record, including that the pain in Plaintiff's left arm was not so severe as to prevent her from working an eight hour day. Although the record reflects that Plaintiff suffered intermittent pain and discomfort in her left arm ranging from one to eight on a pain scale of ten (see e.g., T. 240, 249, 251, 372-374, 377, 521), substantial evidence supports the determination of the ALJ that this pain was not so severe or persistent as to render her unable to do any work because, as the ALJ explained, Plaintiff's failure to follow the treatment recommendations of her doctors, the medical evidence in the record, and Plaintiff's activity level were sufficient to allow the ALJ to make an

adverse credibility determination.³ Accordingly, the Court finds that Plaintiff's contention that the ALJ erred in evaluating her credibility and her subjective complaints of pain is without merit.⁴ The ALJ's determination as to Plaintiff's credibility is supported by substantial evidence in the record.

### C. Any Error by the ALJ in Failing to Find that Plaintiff's Lymphedema was a Severe Impairment was Harmless

Plaintiff also stated that the ALJ erred by failing to conduct a proper analysis of her severe impairments, specifically her lymphedema. (Pl.'s Br. Supporting Mot. Summ. J. at pp. 11-12.) Although Plaintiff made this argument in the context of the alleged error regarding the ALJ's credibility determination, it appears that Plaintiff is attempting to raise the separate issue of whether her lymphedema is a severe impairment, separate and distinct from her breast cancer. See e.g.,Nelson v. Astrue, No. 1:09cv1972-MBS-SVH, 2010 WL 4963814, at *10 (D.S.C. Nov. 9, 2010). In an abundance of a caution, the Court will separately address this issue.

---

³ Moreover, Plaintiff has not presented the Court with a good reason for her failure to follow the prescribed treatment and wear her compression sleeve. See 20 C.F.R. § 404.1530(b).

⁴ Finally, the Court notes that Plaintiff's reliance on SSR 82-59, 1982 WL 31384 (1982), is misplaced as Plaintiff did not have a disabling impairment. This ruling applies where a claimant would otherwise be found disabled, but fails without justification to follow the treatments prescribed by a treating source that could be expected to restore the ability of the claimant to work. See SSR 82-59.

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairments: status post Stage II left breast carcinoma and chronic bronchitis. (T. 21.) Although the ALJ did not find that Plaintiff's lymphedema was a severe impairment, the ALJ discussed Plaintiff's lymphedema at length in the decision. (T. 23-26.)

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis in original); see also Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 474 n.1 (4th Cir. 1999); 20 C.F.R. § 404.1521(a) ("An impairment . . . is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). This is not a difficult standard for a claimant to satisfy. See Albright, 174 F.3d at 474 n.1; see also Stemple v. Astrue, 475 F. Supp. 2d 527, 536-37 (D. Md. 2007) ("The severity standard is a slight one in this circuit . . . .").

Provided that the claimant has at least one severe impairment, the ALJ must then consider the combined effect of all of the claimant's impairments, irrespective

of whether they are severe, in determining the claimant's residual functional capacity. 20 C.F.R. § 404.1545(e); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). The Fourth Circuit has never addressed whether the failure to classify an impairment as severe, in and of itself, warrants remand.  Several courts have held that because the ALJ must consider both severe and non-severe impairments in determining a claimant's residual functional capacity, an ALJ's failure to characterize an impairment as severe does not require remand, provided the ALJ considers all of the claimant's impairments, including the non-severe impairments, at the later steps.  See e.g., Pompa v. Comm'r of Soc. Sec., 73 F. App'x 801, 803 (6th Cir. 2003) (unpublished); Swanson v. Astrue, No. 2:10cv217, 2011 WL 2582617, at *8 (D. Vt. Jun. 29, 2011) (collecting cases).  In short, Pompa found that the error at step two is harmless if the ALJ discusses all of the impairments and any limitations posed by them in his or her later analysis. 73 F. App'x at 803; see also Garrison v. Astrue, No. 2:10cv619, 2011 WL 1337257, at *10 (S.D. Ohio Mar. 1, 2011).   Other courts, however, have remanded for failure to consider an impairment at step two of the analysis, finding that such a failure is clear error and flaws the remaining steps of the sequential analysis. See e.g.,  Hair v. Astrue, No. 5:10cv309, 2011 WL 2681537, at *6-7 (E.D.N.C. Jun. 16, 2011)  ("The impropriety of the ALJ's analysis of plaintiff's impairments at steps two and three necessarily

invalidates the ALJ's RFC determination."); Hernandez v. Astrue, No. CA 09-428 ML, 2010 WL 4117186, at *8 (D.R.I. Sept. 28, 2010); Fraley v. Astrue, No. 5:07cv141, 2009 WL 577261 (N.D. W. Va. Mar. 5, 2009).

Even assuming that the ALJ erred at step two by not considering Plaintiff's lymphedema as a severe impairment separate from her breast cancer, any such error was harmless based on the specific facts of this case. The ALJ specifically discussed Plaintiff's lymphedema at length and the physical impairments she suffered as a result in assessing Plaintiff's residual functional capacity. (T. 23-26.) The ALJ discussed the medical evidence in the record, as well as Plaintiff's statements concerning the intensity and limiting effects of her lymphedema (T. 23-26.) Because the ALJ considered Plaintiff's lymphedema in determining whether this impairment, either separately or in combination with her other impairments, rendered her unable to engage in substantial gainful activity, and even incorporated Plaintiff's physical limitations stemming from her lymphedema into Plaintiff's residual functional capacity, remand is not necessary in this case because any error at step two was harmless; remand would not lead to a different result. See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); Morris

v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988); see also Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished) (applying harmless error doctrine in context of Social Security case).

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 19], **DENY** Plaintiff's Motion for Summary Judgment [# 12], and **AFFIRM** the Commissioner's decision.

Signed: June 1, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).